DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES E. ELLERBE, ) | |
| ) | CASE NO. 4:09-CV-2226 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| THE UNITED STATES OF AMERICA ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

Before the Court is the Report and Recommendation ("R & R") of Magistrate Judge George J. Limbert recommending that Defendant Matt Williams ("Defendant Williams") and Defendant United States of America's ("Defendant USA") (collectively "Defendants") motion and supplemental motion for summary judgment be granted. ECF No. 62. Plaintiff James E. Ellerbe ("Ellerbe") has filed objections to the R & R.[1] ECF Nos. 63 & 68. Defendants have filed a response to Ellerbe's objections. ECF No. 70. The Court has conducted its *de novo* review of the matters raised in the objections. Fed.R.Civ.P. 72(b)(3).

---

[1] On May 11, 2011, counsel for Plaintiff Ellerbe filed a motion to withdraw as his counsel of record. ECF No. 64. Given the development that counsel for Plaintiff Ellerbe seeks to withdraw as counsel of record, the Court granted Ellerbe's motion for an enlargement of time (ECF No. 65) to respond to the Magistrate Judge's R & R. Thus, the Court has reviewed Ellerbe's objections filed *pro se* and by counsel and addresses all objections collectively.

(4:09-CV-2226)

For the reasons set forth below, the objections are overruled, the R & R is accepted, summary judgment is GRANTED in favor of Defendants and Ellerbe's entire Complaint is dismissed with prejudice.

## I. Factual and Procedural Background

The relevant factual and procedural background from the Report & Recommendation is as follows:

> On September 26, 2009, Plaintiff, through counsel, filed a complaint against Defendant USA and against Defendant Williams in his individual capacity and in his official capacity as a United States Bureau of Prisons ("BOP") correctional officer at the Elkton Federal Correctional Institution. ECF Dkt. #1. In the first count of his complaint, Plaintiff alleges a Federal Tort Claims Act claim ("FTCA") against Defendant USA and against Defendant Williams in his official capacity. *Id*. at 3. Plaintiff avers that Defendant Williams was acting within the scope of his employment with Defendant USA when he refused to allow Plaintiff to use the lavatory facilities as Plaintiff and seven other individuals were waiting in the visiting room at Elkton in order to provide urine samples to the BOP. *Id*. at 4. Plaintiff avers that he had undergone "a needle biopsy of his prostate gland and Plaintiff had documented spasms of the rectal and sphincter muscles, negatively affecting Plaintiff's physical ability to normally defecate, requiring Plaintiff to use the lavatory facilities immediately upon demand as a result of the Plaintiff's physical disability." *Id*. Plaintiff states that he informed Defendant Williams that he was on water pills and needed to drink plenty of water in order to ensure that no damage occurred to his kidneys and urinary system. *Id*.
>
> Plaintiff alleges that Defendant Williams refused him the use of lavatory facilities for over ninety minutes while waiting to submit to the urine test and he threatened to lock the Plaintiff up for requesting and continuing to request the use of the facilities. ECF Dkt. #1 at 4. Plaintiff avers that "Williams' conduct caused Plaintiff, while submitting to the UA, to defecate in the public visiting area" which caused him physical pain and suffering. *Id*. Plaintiff further alleges that other inmates witnessed the incidence and he experienced pain, humiliation, embarrassment, depression, fear and sickness to his stomach during and after the incident. *Id*. Plaintiff alleges that Defendant thereafter ordered Plaintiff to ""get it up,' that is, to clean up the feces with Plaintiff's bare hands and knees without any protective gear such as rubber gloves, and to clean the lavatory facilities, unlawfully exposing Plaintiff to

-2-

(4:09-CV-2226)

unprotected physical hazards." *Id*. at 5.  Plaintiff states that Defendant Williams used profane and abusive language toward him and acted aggressively and violently. *Id*.

Plaintiff further alleges that Defendant Williams' conduct was not within BOP standards of conduct, violated BOP policy that an employee may not use brutality, physical violence, or intimidation toward inmates, or use any force beyond that which is reasonably necessary to subdue an inmate. ECF Dkt. #1 at 5. He alleges that Defendant Williams' conduct cause him physical harm as Defendant Williams possessed the apparent present ability to harm or touch Plaintiff offensively during the incident, threatened to harm or touch Plaintiff offensively, and affirmatively acted in such a manner by ordering Plaintiff to touch and making him touch feces with his bare hands, and threatened to lock him up for requesting to use the lavatory. *Id*. at 5-6.

Plaintiff asserts that he experiences headaches and physical problems, including internal organ and tissue damage, due to Defendant Williams' conduct, and he has impaired sleep, irritability, muscular tension, chest pain, buzzing in his ears, dizziness, fatigue, constipation, memory loss, crying and diarrhea. ECF Dkt. #1 at 5-6. He alleges that Defendant Williams' conduct toward him amounts to physical torture, physical assault, and battery, and Defendant USA is liable for this conduct pursuant to 28 U.S.C. § 2674 and 28 U.S.C. § 2680(h). *Id*. at 6.  Plaintiff requests that the Court find tht Defendant Williams and Defendant USA committed assault and battery against him and also finds that he is entitled to $775,625.00 plus punitive damages. *Id*.

In the second count of his complaint, Plaintiff alleges a FTCA claim only against Defendant Williams in his individual capacity and reiterates the same facts, allegations, and prayer for relief as those set forth in the first count of his complaint. ECF Dkt. #1 at 10.

In the third count of the complaint, Plaintiff alleges a claim under *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971) alleging that his rights under the Eighth Amendment of the United States Constitution were violated by Defendant Williams in his official capacity and Defendant USA. ECF Dkt. #1 at 10.  Plaintiff reiterates the facts and allegations of the first count of his complaint, but avers in this count that Defendant Williams' conduct was cruel and unusual and was intended to punish Plaintiff. *Id*. at 13.  Plaintiff alleges that Defendant USA is liable to Plaintiff for the cruel and unusual punishment incurred by him from Defendant Williams' punishment of Plaintiff. *Id*. Plaintiff requests that the Court find that Defendants violated the Eighth Amendment and grant him relief in the amount of $10,000.00. *Id*.

As to his FTCA claims in Counts One and Two, Plaintiff alleges that he complied with 28 U.S.C. § 2675 and received final determinations of his tort claims

-3-

Case: 4:09-cv-02226-DDD  Doc #: 73  Filed: 09/19/11  4 of 11.  PageID #: 831

(4:09-CV-2226)

> against Defendants by the Northeast Ohio Regional Office of the BOP, which rejected his claims on March 27, 2009. ECF Dkt. #1 at 3, 7. Plaintiff states in both counts that the claim denial erroneously stated that he sought $25,000.00 in compensatory damages when the correct amount is $775,625.00 and the BOP erroneously stated the amount because an award in excess of $25,000.00 would require prior written approval of the United States Attorney General or a designated official, and/or some other reason related to limitations on the ability to make an award. *Id*. Plaintiff explains that he presented the amount of $775,625.00 to the BOP "and that if determined to be $25,000.00 or some other amount, then the amount of $775, 625.00 is based upon newly discovered evidence not reasonable discovered at the time of presenting the claim to the Bureau, or upon intervening facts relating to the claim to be determined by the allegation and proof through discovery in this action, as set forth in 28 U.S.C. § 2675(b)." *Id*. at 3-4, 7.

ECF No. 62 at 1-4.

The Magistrate Judge filed the R & R on April 21, 2011. ECF No. 62. Ellerbe filed his objections on May 5, 2011, and June 10, 2011. ECF Nos. 63 & 68, respectively. Defendants filed a response to Ellerbe's objections on June 30, 2011. ECF No. 70. Ellerbe filed a reply on July 22, 2011. ECF No. 72. Thus, the matter is fully briefed and ready for review.

## II.  Standards of Law

### A.  Civil Rule 72(b) Standard

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate Judge's Report and Recommendation that has been specifically objected to. The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Local Rule 72.3(b) reads in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or

(4:09-CV-2226)

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

### B. Summary Judgment Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, "the inferences to be drawn from the underlying facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions] must be viewed in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the adverse party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Rule 56 requires the nonmoving party who has the burden of proof at trial to oppose a proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). General averments or conclusory allegations of an affidavit do not create specific fact disputes for summary judgment purposes. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990). Nor may a party "create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts . . . earlier deposition testimony." *Reid v. Sears Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) (*citing Biechell v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984)); *but see Baer v. Chase*, 392 F.3d 609, 623-26 (3d Cir. 2004) (noting that a so-called "sham" affidavit need not be disregarded if there is "independent evidence in the record to bolster [the] otherwise questionable affidavit"). Further, "'[t]he mere

-5-

(4:09-CV-2226)

existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (*quoting Anderson v. Liberty Lobby*, 477 U.S. at 252).

In sum, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. at 250. Put another way, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52; *see also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

### III. Analysis

#### A. Federal Torts Claim Act: Counts One and Two

Pursuant to the Federal Torts Claim Act ("FTCA"), the United States is substituted as the defendant when federal employees commit torts while acting in their official capacities. *Montez v. United States*, 359 F.3d 392, 395 (6th Cir. 2004). The FTCA provides:

> Subject to the provisions of chapter 171 of this title, the district courts...shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with

-6-

(4:09-CV-2226)

the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Furthermore, the FTCA provides that upon certification by the Attorney General that the federal employee was acting within the scope of his official capacities, the Unites States shall be substituted as the sole party defendant and the defendant employee is dismissed from the action. *See Dolan v. U.S.*, 514 F.3d 587, 592 (6th Cir. 2008); 28 U.S.C. § 2679(d)(1).

Defendant USA filed the notice of substitution with proper certification on April 14, 2010. ECF No. 26. Ellerbe objects to the R & R claiming that the certification is not final, nor current as of the date of the R & R. The relevant statute allows for the government to withdraw a certification if a further evaluation of the relevant facts or consideration of new or additional evidence calls for such action. 28 C.F.R. § 15.4(c). In this case, Defendant USA has not withdrawn its certification. Simply because the statute allows for a certification to be withdrawn does not transform a proper certification into an improper certification based on the age of the certification as suggested by Ellerbe.

The Court overrules Ellerbe's objection relating to Defendant USA's notice of substitution, adopts the Magistrate Judge's R & R as it relates to this objection (ECF No. 62 at 6-7) and GRANTS summary judgment in favor of Defendant Williams as to Counts One and Two.

Therefore, the only FTCA claim that remains is the intentional infliction of emotional distress against Defendant USA.

Ellerbe argues that the Magistrate Judge incorrectly recommended dismissing his claim for intentional infliction of emotional distress against Defendant USA (Count One) because he

(4:09-CV-2226)

has demonstrated that the injuries he suffered were more than *de minimis*.  Under the FTCA, "[n]o person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without prior showing of physical injury."  28 U.S.C. § 1346(b)(2).[2]  The physical injury Ellerbe suffered does not need to be significant, but it must be more than *de minimis* in order to proceed with the claim.  *Jarriet v. Wilson*, 162 Fed. App'x 394, 401 (6th Cir. 2005).

Ellerbe argues that the physical injuries he suffered, *e.g.*, headaches, ringing and buzzing in the ears, additional internal and tissue damage, constipation and diarrhea, are sufficient to maintain his claim for intentional infliction of emotional distress.  He directs the Court to the Third Circuit's holding in *Perez v. U.S.* in which it held that headaches, nausea, weakness and a sore back were sufficient showings of physical injury to satisfy the statutory criteria pursuant to 28 U.S.C. § 1346(b)(2).  *Perez v. United States*, 271 Fed. Appx. 240, 2009 WL 1426765, at * 2 (3d Cir. May, 18, 2009).

*Perez* dealt with physical injuries caused by an asthma attack and those injuries required medical treatment in the form of steroids and prescription medication.  *Id.* at * 2.  The *Perez* court distinguished injuries that require home treatment remedies from those that require

---

[2] Courts have found that the physical requirement in 28 U.S.C. § 1346(b)(2) is similar to that under the PLRA, 42 U.S.C. § 1997e(e).  *See Glover-Bryant v. Uptagraft*, No. 09-CV-134-JMH, 2009 WL 2877149, at *7 (E.D. Ky., Sept. 2, 2009), unpublished (noting the similar language of the statutes); *Michtavi v. U.S.*, No. 4:07-CV-0628, 2009 WL 578535 (M.D. Pa., March 4, 2009), unpublished ("[g]iven the similarities between § 1346(b)(2) and § 1997e(e), and given that the PLRA also applies to Michtavi's claims, the Court will rely upon cases interpreting either statute. *See Perez v. United States*, 271 Fed. Appx. 240, 242 (3d Cir.2008).")

(4:09-CV-2226)

emergency care or a visit to the doctor. *Id.* When determining whether the physical injuries alleged by Ellerbe are sufficient to withstand a motion for summary judgment, the Court finds *Perez* inapposite.

Defendant USA properly identified that Ellerbe's treatment consisted of over-the-counter treatments that would fit into the "home treatment" category of remedies. Thus, the physical injuries alleged by Ellerbe are more analogous to those suffered by the plaintiff in *Jarriet v. Wilson* rather than the plaintiff in *Perez*.

The Sixth Circuit held in *Jarriet* that the alleged swelling, pain, and cramps suffered by the plaintiff were not sufficient to establish more than a *de minimis* injury for purposes of § 1997e(e). *Jarriet*, 162 Fed.Appx. at 401. When considering the evidence most favorably to Jarriett, the evidence showed that his injuries were not serious enough to mention to the medical staff upon being released from the strip cage. *Id.*

In the instant case, Ellerbe did not seek medical treatment until his quarterly medical treatment and the treatment he did receive at that time fit into the category of home treatment. Therefore, the Magistrate Judge correctly found that the physical injuries alleged by Ellerbe are no more than *de minimis*. Accordingly, Ellerbe's objection is overruled, the Court adopts the Magistrate Judge's R & R as it relates to this objection and the claim for intentional infliction of emotional distress under the FTCA (Count One) is dismissed against Defendant USA.

**B. The *Bivens* Claim**

The Magistrate judge provided a recommendation and an alternative recommendation as to why summary judgment should be granted to Defendants concerning Ellerbe's *Bivens* claim.

(4:09-CV-2226)

ECF No. 62 at 12-14. Ellerbe does not appear to object to the Magistrate Judge's recommendation but does object to the alternative recommendation. The Court finds the Magistrate Judge's primary recommendation well taken and adopts it as such. Thus, the Court does not address Ellerbe's objection to the alternative recommendation.

Defendant USA has not waived its sovereign immunity for the *Bivens* claim and Ellerbe cannot pursue a *Bivens* claim against Defendant Williams in his official capacity as clearly stated in the Complaint. *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Okoro v. Scibana*, 63 Fed.Appx. 182, 2003 WL 1795860 at **1 (6th Cir. 2003).

Accordingly, the Court adopts the Magistrate Judge's R & R as it relates to Count Three and it GRANTS summary judgment in favor of Defendants on Count Three of Ellerbe's Complaint.

### C. Remaining Outstanding Motions

All other outstanding motions (ECF Nos. 59, 64 & 71) are DENIED as MOOT given that summary judgment is granted to Defendants on all counts.

### IV. Conclusion

For the aforementioned reasons, Plaintiff James E. Ellerbe's objections (ECF Nos. 63 & 68) to the Report & Recommendation are overruled. Thus, Defendants' motion for summary judgment (ECF No. 46) and supplemental motion for summary judgment (ECF No. 50) are GRANTED. All other outstanding motions (ECF Nos. 59, 64 & 71) are DENIED as MOOT.

(4:09-CV-2226)

      Therefore, Ellerbe's Complaint against Defendant USA and Defendant Williams is dismissed with prejudice.

      IT IS SO ORDERED.

| | |
|---|---|
| _September 19, 2011_ | _s/ David D. Dowd, Jr._ |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |